UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTH JEREZ, on behalf of herself and others similarly situated in the proposed FLSA Collective Action,<br><br>    *Plaintiff-Counterclaim Defendant*,<br><br>    v.<br><br>THE FASHION POET LLC and ADY GLUCK-FRANKEL,<br><br>    *Defendants-Counterclaimant.* | Case No. 1:23-cv-2397-BMC<br><br><br>**AMENDED[1] ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

  Defendants The Fashion Poet LLC ("Fashion Poet") and Ady Gluck-Frankel ("Gluck-Frankel") (collectively "Defendants"), by and through their undersigned attorneys, Brach Eichler LLC, hereby answers the Complaint as follows:

### NATURE OF THE ACTION

  1. No allegations are made against Defendants to which a response is required. To the extent a response is required, denied.

  2. No allegations are made against Defendants to which a response is required. To the extent a response is required, denied.

---

[1] This amended pleading is filed as of right pursuant to Fed. R. Civ. P. 15(a)(1)(A) as it is served within 21 days after Defendants served their Answer and Affirmative Defendants

## JURISDICTION AND VENUE

3. No allegations are made against Defendants to which a response is required. To the extent a response is required, denied.

4. Denied.

5. Denied.

## PARTIES

**PLAINTIFF RUTH JEREZ**

6. Denied.

7. Denied.

8. Denied.

**DEFENDANT THE FASHION POET LLC**

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

**DEFENDANT ADY GLUCK-FRANKEL**

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Denied.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

20. Admitted as to Gluck-Frankel but otherwise denied.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Denied,

26. Denied.

27. Denied.

28. Denied.

## FACTUAL ALLEGATIONS

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

### FLSA COLLECTION ACTION ALLEGATIONS

44. No allegations are made against Defendants to which a response is required. To the extent a response is required, denied.

45. Denied.

46. Denied.

47. Denied.

### FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq.*)

48. Denied.

49. Denied.

50. Denied.

51. Denied.

### SECOND CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## THIRD CLAIM
### (NYLL – WTPA – Failure to Provide Wage Notices)

56. Denied.

57. No allegations are made against Defendants to which a response is required. To the extent a response is required, denied.

58. Denied.

59. Denied.

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

60. Denied.

61. Denied.

62. Denied.

## AFFIRMATIVE DEFENSES

Defendants The Fashion Poet LLC ("Fashion Poet") and Ady Gluck-Frankel ("Gluck-Frankel") (collectively "Defendants"), by and through their undersigned attorneys, Brach Eichler LLC, hereby assert the following Affirmative Defenses to the Complaint:

1. Plaintiff's claims are barred in whole or in part due to lack of standing.

2. Plaintiff's claims are barred in whole or in part for failure to state a claim.

3. Plaintiff's claims for liquidated damages under the FLSA fail because all decisions regarding Plaintiff's compensation were made in good faith, based upon reasonable grounds, and with the intent to comply with the FLSA and the NYLL.

4. Even if the allegations contained in Plaintiff's Complaint are true (which they are not), to the extent that the time for which Plaintiff alleges that she has not been compensated

involve only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" and are not compensable.

5. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff is estopped by its own conduct from claiming any damages or relief against Defendants.

6. Plaintiff is not entitled to recovery because any alleged acts or omissions were made by Defendants in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals, or interpretations, or administrative practices or enforcement policies with respect to the class of employers to which Defendants belongs.

7. All or some of the claims in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

8. Plaintiff received all wages, payments, benefits and compensation to which she was entitled.

9. Defendants did not willfully commit any alleged violations of the FLSA or the NYLL.

10. Some of Plaintiff's claims may be barred or limited, in whole or in part, by the doctrine of after-acquired evidence.

11. Defendants reserve the right to assert counterclaims with regard to Plaintiff's legal theories.

12. The Plaintiff's request for attorneys' fees and costs has no basis in law or equity and should be dismissed.

13. The damages claimed by Plaintiff are barred to the extent they are speculative in nature.

14. Defendants intend to rely upon such other defenses and affirmative defenses as may become available or appear apparent during discovery in this matter.

15. Plaintiff's claims are barred because they are without merit as a matter of both fact and law.

16. Plaintiff's claims are barred by set offs and/or recoupments owed to Defendants.

## COUNTERCLAIM

Counterclaimant Ady Gluck-Frankel ("Counterclaimant"), pursuant to Fed. R. Civ. P. 13, hereby asserts the following Counterclaims against Counterclaim-Defendant Ruth Jerez ("Jerez"):

1. Counterclaimant, through an entity under her ownership and control, hired Jerez as an employee in the textile business operated by Counterclaimant.

2. As part of Jerez's job responsibilities, she attended meetings with client and potential clients of Counterclaimant's company for purpose of selling to existing clients or to new clients.

3. On or about January 2, 2023, while employed by and being paid by Counterclaimant's company, Jerez accompanied Counterclaimant at a meeting with a prospective customer of Counterclaimant's company.

4. Jerez accompanied Counterclaimant to the meeting, in part, because Jerez would be performing the specific services being sought by the prospective customer.

5. The prospective customer referenced above was Sara Navon, which operates From Head to Hose.

6. Obtaining this new customer would have earned Counterclaimant's company revenue of approximately $50,000-$70,000 per month.

7. At the meeting, Counterclaimant left the room briefly to use the restroom. During Counterclaimant's absence, Jerez began to bad-mouth Counterclaimant's company and expressly told the representatives of Sara Navon not to do business with Counterclaimant or her company. Among other things, Jerez falsely claimed that Counterclaimant did not know what she was doing, the company was not stable, and the prospective customer should not work with Counterclaimant.

8. During Counterclaimant's absence at the meeting, Jerez directly solicited the work from the prospective customer for Jerez's own profit and gain and to the exclusion of Counterclaimant and her company.

9. Counterclaimant learned of Jerez' conduct subsequent to the meeting when representatives of Sara Navon contacted Counterclaimant to advice she would not obtain the new business and it was because of the behavior of Jerez.

10. Counterclaimant was professionally humiliated and embarrassed by Jerez's conduct, which is the direct cause of Sara Navon choosing not to do business with Counterclaimant and her company.

11. In addition to the misconduct above, Jerez, upon information and belief, unlawfully took property belonging to Counterclaimant and has refused to return it despite demands to do so.

12. Specifically, Jerez took several patterns and first design samples worth approximately $500-$1,000 each and that were and are the property of Counterclaimant.

13. Demand was made to Jerez on July 31, 2023 for her to return the property to Counterclaimant but Jerez has refused to do so.

## COUNT I
### (Breach of the Duty of Loyalty)

14. Counterclaimant repeats and realleges her allegations as if set forth at length herein.

15. Under New York law, every employee owes her employer a fiduciary duty of loyalty.

16. An employee breaches that duty of loyalty when the employee places her own interests before the interests of the employer.

17. The duty of loyalty prohibits the employee from acting in any manner inconsistent with the agency or trust relationship.

18. An employee must at all times exercise the utmost good faith and loyalty in performance of her duties.

19. An employee also must not use confidential information acquired during employment in competition with the principal.

20. The duty of loyalty applies during employment as well as after employment terminates.

21. Jerez breached her duty of loyalty owed to Counterclaimant and her company.

22. Jerez's breach of her duty of loyalty owed to Counterclaimant and her company caused the loss of a prospective customer, resulting in the loss of significant monthly revenue for Counterclaimant.

## COUNT II
**(Tortious Interference with Prospective Economic Advantage)**

23. Counterclaimant repeats and realleges her allegations as if set forth at length herein.

24. Counterclaimant had a prospective business relationship with Sara Navon.

25. Jerez interference with that prospective business relationship.

26. Jerez interference for a wrongful purpose and/or used dishonest, unfair, or improper means.

27. Jerez's interference are the cause of Sara Navon refusing to do business with Counterclaimant.

## COUNT III
**(Defamation)**

28. Counterclaimant repeats and realleges her allegations as if set forth at length herein.

29. Jerez made numerous false statements about Counterclaimant and her company.

30. Jerez made those false statements to third parties without authorization or privilege to do so.

31. Jerez intended to make those false statements to third parties.

32. Jerez's defamatory statements have harmed Counterclaimant's business and professional reputation.

33. Jerez's defamatory statements have caused Counterclaimant to lose a valuable prospective business relation with Sara Navon.

34. Jerez's defamatory statements constitute defamation per se or have caused special damages.

35. Jerez's reputation in the relevant business and professional community have been harmed.

**COUNT IV**
**(Conversion)**

36. Counterclaimant repeats and realleges her allegations as if set forth at length herein.

37. Jerez is exercising unlawful dominion and control over Counterclaimant's property.

38. Jerez intended to exercise dominion and control over Counterclaimant's property.

39. Jerez was not authorized to exercise dominion and control over Counterclaimant's property.

40. Counterclaimant has demanded return of the property.

41. Jerez has refused to return the property.

WHEREFORE, Counterclaimant demands judgment as follows:

    A. Adjudging that Jerez breached her duty of loyalty;

    B. Adjudging that Jerez has tortiously interfered with Counterclaimant's prospective economic advantage;

    C. Adjudging that Jerez has defamed Counterclaimant;

    D. Adjudging that Jerez has converted Counterclaimant's property;

    E. Awarding direct, special, consequential, indirect, punitive, and any other category of damages available at law or equity for the above referenced causes of action;

    F. Compelling Jerez to return the property converted;

    G. Awarding attorneys' fees and costs;

      H. Awarding such other and further relief as this Court deems just, equitable and proper.

| | | | |
|---|---|---|---|
| Dated: | Roseland, New Jersey<br>August 21, 2023 | By: | */s/Anthony M. Rainone*<br>Anthony M. Rainone, Esq.<br>**BRACH EICHLER LLC**<br>101 Eisenhower Parkway<br>Roseland, NJ 07068<br>(973) 228-5700<br>-and-<br>5 Penn Plaza, 23rd Floor<br>New York - NY 10001<br>*arainone@bracheichler.com*<br>*Attorneys for Defendants The Fashion Poet LLC and Ady Gluck-Frankel* |

TO:    Jason Mizrahi
        Levin-Epstein & Associates, P.C.
        60 East 42nd Street
        Suite 4700
        New York, NY 10165
        212-792-0048
        Fax: 646-786-3170
        Email: jason@levinepstein.com

BE:13389546.1/FAS024-284168